RECEIVED IN CLERK'S OFFICE
U.S.D.C.- Atlanta

JAN 30 2017

JAMES N. HATTEN, Clerk
BY: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AMY JERRINE MISCHLER,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE FOR CIVIL RIGHTS OF THIS UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and TIMOTHY NOONAN, in his official capacity as Regional Manager of the OFFICE FOR CIVIL RIGHTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. :17-CV-_____

Judge _____

**1:17-CV-0368**

## PETITION FOR WRIT OF MANDAMUS

### INTRODUCTION

1.      Petitioner Amy Mischler seeks a writ of mandamus and declaratory relief pursuant to the All Writs Act, 28 U.S.C. Section 1361, the Administrative Procedure Act, 5 U.S.S.S. Section 706(1), 28 U.S.C. Sections 2201, 2202 compelling the Office for Civil Rights of the United States Department of Health and Human Services and Timothy Noonan, the Regional Manager of that Office to reopen a complaints and accept other complaints against Kentucky Cabinet for Health and Family Services and to also give Declaratory Relief.[1]

2.      The Office of Civil Rights [hereinafter OCR] has created an enforced policy that only protected classes such as "race, color, national origin, age, disability, sex and

---

[1]   There is a history of OCR failing its Congressional mandate to timely enforce civil rights against recipients of HHS money.   This petition is modeled after King v. Office of Civil Rights for US, 573 F.Supp. 2d 425 (2008).   The case is found in PACER under case number 07-10861 in the Federal District Court of Mass.

religion" may receive assistance from the Federal Department of Health and Human Services Office of Civil Rights Division.

3.     Ms. Mischler is being denied having her civil rights enforced by the Office of Civil Rights because she does not fall within a protected class.[2]     Thus, she has been repeatedly been discriminated, retaliated against, and denied redress of grievances by Kentucky because OCR will not accept her complaints.     Neither HHS or OCR will hold KY accountable for egregious fraud and intentional violation of fundamental rights of citizens; such fraud is being funded with federal dollars.

4. The original denied complaint with OCR took place in 2007.     However, in 2016 Ms. Mischler discovered that Kentucky Cabinet for Health and Family Services [hereinafter KY] was still holding Ms. Mischler out as a substantiated child abuser. OCR refuses to take valid complaints even in 2016.

5. Due to OCR's past inaction KY is retaliating and discriminating against Ms. Mischler and denying her fundamental rights including her parental rights even now in 2017, a decade after the KY started abusing Ms. Mischler.[3]

## PARTIES

6.     Ms. Mischler originally lived in Kentucky and moved in December 2010 to 1120 Palm Court, Okeechobee, Florida 34974.

7.     Respondent Timothy Noonan is the current Regional Manager of the Office for Civil Rights of the U.S. Department of Health and Human Services, herein after HHS for Region IV, covering Kentucky and Florida.     Timothy Noonan address is Office for

---

[2] Thus, someone who is Hispanic, Muslim, transgender or not even a citizen of this country can have the exact same fact pattern of violations of civil rights that took place against Ms. Mischler and OCR will enforce that individuals civil rights but not Ms. Mischler's because she is white, US. Citizen, heterosexual and Christian.     OCR is practicing per se reverse discrimination.

[3] Fraud is to specified with particularity.     This petition exposes fraud on the part of KY particularly falsifying and destroying records and OCR's refusal to investigate only because Ms. Mischler is not part of a protected class.

Civil Rights, Region IV, Atlanta Federal Center, Suite 16T70, 61 Forsyth Street, S.W., Atlanta, GA 30303.

## JURISDICTION

8.. This Court has jurisdiction of this action pursuant to 28 U.S. Code § 1331, 42 U.S. Code § 2000d–2, 42 U.S.C. § 706(1), 28 U.S.C. Sections 2201 and 28 U.S.C. 2202.

## TIMELINESS

9. The original complaint to OCR was in 2007 by Ms. Mischler.

10. In 2016 Ms. Mischler was provided documents formerly withheld by KY that showed in 2008 that KY continued to falsely create documents that stated Ms. Mischler was substantiated child abuser although she was cleared of all allegations in 2007.

11. Both KY and OCR in 2016 refuse to give Ms. Mischler redress of grievances and thus this federal cause of action is due to OCR 2016 actions but backed up to the original denial of redress from 2007.[4]

## FACTUAL BASIS

## OFFICE OF CIVIL RIGHTS
## UNCONSTITUTIONAL INTERPRETATION

12. OCR is only enforcing section (a)(1) and (a)(2) of 42 U.S.C. 708 Section 508 for civil rights protection.  These are the protected classes listings.

13. However, OCR **is ignoring** the provisions of 42 U.S.C. 708 Section 508 (b) which gives authority to OCR to address KY violations of "*applicable regulation*".

---

[4] Ms. Mischler was told that Timothy Noonan could reopen the case. At first, Noonan's agents said they didn't know what factors, legal test, or rubric was used by Noonan to reopen a case. Ms. Mischler was insistent she must have the factors in order to know what facts to put into the letter to Noonan. This went on for many phone conversations over almost six weeks until finally last week Noonan's agent said there was no factors but only dependent upon Noonan's personal opinion.  Thus, it is futile to write Noonan to reopen the case because there is no actual standard but an arbitrary and capricious decision based on Noonan's personal opinion which in itself is unconstitutional.

14. KY violated clearly violated Ms. Mischler DUE PROCESS NOTICE rights spelled out that if KY designates Ms. Mischler as a substantiated child abuser; KY is required to send a certified letter through the United States Postal Service to Ms. Mischer per agreement with HHS in return for federal funding.

15. Due process notice is absolutely an "*applicable regulation*" necessary to carry out the non-discriminatory agreement that HSS has with KY in order for KY to receive millions of dollars of federal funding.

16. Congress intended HHS to use OCR to regulate KY actions to prevent violations of Constitutional Rights to all citizens not just protected classes.[5]

## KY DUE PROCESS REQUIREMENTS OF SUBSTANTIATED CHILD ABUSE

17. In agreement to receive millions of federal dollars from HHS; KY agrees to keep a substantiated child abuser database.   This database is not actually confidential as KY allows un-monitored access to these records by an estimated 2000 KY employees, KY contractors and KY AOC employees.

18. All that it takes to be determined a substantiated child abuser in KY is the two opinions of a social worker and her supervisor.   There is no civil or criminal proceeding to be declared a substantiated child abuser by KY

19. KY per agreement with HHS IS REQUIRED to send a certified letter through the United States Postal Service to the citizen when KY declares that the individual is a substantiated child abuser.[6]

---

[5] Withholding the millions of dollars is the big bully stick that Congress believes HSS is wielding to hold states accountable.   However, due to OCR willfully failing in it's mandates has caused a national crisis in the child protective services

[6] KY Office of Inspector General issued a report in 2007 of many deficiencies by KY including failure to give due process notice of declaring individuals substantiated child abusers.   KY has never addressed those deficiencies nor has HHS required KY to do so.   As a result, many children DIED because KY child protective system has been in a systemic lawlessness for nearly two decades.   Please take judicial notice of issues found in the media including the death of Amy Dye, the death of Kayden Branham, lawlessness of KY regarding failing to turn over open records all

## TIMELINE

20.   <u>2016</u>:   Ms. Mischler has repeatedly requested OCR and KY to correct falsified records that state she is a substantiated child abuser.[7]   Ms. Mischler's request for redress of grievances under the US 1st Amendment have been repeatedly refused by OCR and KY in writing by KY Deputy Secretary Timothy Feeley.

21.   <u>April 20, 2006</u>:   KY employee Shereena Hamilton violated Ms. Mischler's 4th Amendment right by demanding to inspect Ms. Mischler's home and under false pretenses holding out that there was a call of child abuse against Ms. Mischler.[8]

22.   <u>2007</u>:   Ms. Mischler requested ALL HER RECORDS.   Records were withheld   from that request that showed the case was not accepted for investigation until October 19, 2006.[9]

23.   <u>2016</u>:   KY Cabinet Attorney David Lovely provided the Individual Summary Face Sheet to Ms. Mischler that was withheld from her in 2007. That Individual Summary Face Sheet shows that Hamilton had no legal authority on April 20, 2006 to enter Ms. Mischler's home nor had no legal authority to make Ms. Mischler sign the prevention plan.[10]   See   Exhibit 1 both pages, right hand side where investigations were not accepted to be investigated until October 19, 2006.   See Exhibit 2: prevention plan with signatures and date.

---

which occurred after the 2007 OIG report..   There were so many children's deaths who had prior involvement with KY that a special task-force was created to review the deaths.

[7] The falsified documents that state Ms. Mischler is substantiated child abuser were given to the child custody evaluator who relied on their accuracy.   Thus, to undo the harm to her child custody rights Ms. Mischler needs KY to admit the document is falsified.   Ms. Mischler insisted to the child custody evaluator that she was not listed as a substantiated child abuser who dismissed Ms. Mischler's credibility because KY and Stevens gave KY documents that stated that Ms. Mischler was a substantiated child abuser that had a later date.

[8] Hamilton inspected the bathrooms, the refrigerator, the pantry, the bedrooms.   The inspection was invasive.

[9] This outside the time-line because of the importance to show that Hamilton was acting in violation of Ms. Mischler's 4th Amendment and that KY, instead of sanctioning Hamilton actually engaged in a conspiratorial cover up of the 4th Amendment violation that included Deputy General Counsel Mona Womack.

[10] See footnote 8.

24.   April 20, 2006:   Hamilton was spying on Ms. Mischler for Ms. Mischler's ex husband, attorney Jonah Lee Stevens.   Hamilton was high school best friends with Selena Stevens, the sister in law of Jonah Lee Stevens.[11]   See Exhibit 3.[12]

25.   April 20, 2006:   Per KY policy Hamilton was supposed to inform Ms. Mischler verbally that Ms. Mischler was entitled to a findings letter within thirty days. A finding of substantiation of child abuse is supposed to be mailed by certified letter through the United States Postal Office within thirty days.   Hamilton did not inform Ms. Mischler of her rights.   Further, **Ms. Mischler knowing that she had not committed child abuse was not concerned** that there would be any ramifications.

26.   April 20, 2006:   There were no entries or notation in KY records that an investigation was approved by KY   to investigate Ms. Mischler until months later.   See Exhibit One.

27.   May 19, 2006:   Per KY regulations Hamilton was supposed to send a findings letter to Ms. Mischler within thirty days of April 20, 2006.   Hamilton sent no findings letter.   No KY state records existed that Hamilton had investigated Ms. Mischler.   The only evidence of Hamilton's visit was a "protection plan" she required Ms. Mischler to sign and Hamilton who also signed it.   See Exhibit 2

28.   On or about August/September 2006:   Ms. Mischler called the Pikeville Office where Hamilton was employed because Ms. Mischler and Jonah Stevens seven year old son drew a picture that had sexual imagery.   She requested Pikeville child protective services to investigate Steven to prevent allowing her seven year old son to view or be around sexual situations.   See Exhibit 4.

---

[11] Exhibit 3 is Jonah Lee Stevens sister's Selena Woody Stevens Facebook Friend list.   It includes Shereena Hamilton and other close relatives of Jonah Stevens.
[12] Selena Stevens and Shereena Hamilton graduated together from a very small high school and were best friends in the small marching band.

29.   August/September 2006:   No investigation took place and to this date KY has no record that Ms. Mischler called in.

30.   On or about October 1, 2006:   Ms. Mischler requested an investigation to the KY Commissioner of the Pikeville Office concerning their refusal to protect her seven year son from being exposed to sexual situations by Jonah Lee Stevens.

31.   October 11, 2006:   KY Commissioner assigned Debbie Dile to investigate and report back to him.   It is unknown when the report was actually issued as there is no date of actual issuance on the official document.   See Exhibit Dile Report 1, line 5.

32.   UNKNOWN DATE:   KY REFUSES to turn over record INV-1 which must exist because there is an INV-2 and INV-3.[13]   See top of Exhibit 8.

33.   October 19, 2006:   In INV-2, Hamilton, family friend of ex husband Jonah Stevens substantiated child abuse against Ms. Mischler.   Both INV-2 and INV-3 are listed as received and investigated on April 20, 2006.   Hamilton falsely states in INV-2 that a certified letter was sent to Ms. Mischler.   No evidence of the certified letter exists. See Exhibit 6.

34.   October 20, 2006:   In INV-3, Hamilton family friend of ex husband Jonah Stevens substantiates child abuse against Ms. Mischler   Both INV-2 and INV-3 are listed as received and investigated on April 20, 2006.   Hamilton falsely states in INV-3 that a certified letter was sent to Ms. Mischler.   No evidence of the certified letter exists.   See Exhibit 7.

---

[13] Ms. Mischler never had interaction with KY child protective services or adult protective services until April 20, 2006 when Shereena Hamilton showed up on her doorstep requesting to inspect the house.   Ms. Mischler believes that INV-1 was skipped so KY could go back and create additional substantiations/investigations against her as backdated. This in fact did happen.   Ms. Mischler records received in 2007 only notate of A & P backdated to 2002.   Then sometime between 2007 and 2013 an additional investigation of child abuse against Ms. Mischler was created in the service recording.   The case was completely closed in 2007 so there should have been no changes to her records. And although by Federal law KY is supposed to keep Ms. Mischler records for twenty five years;   KY destroyed Ms. Mischler's records in 2013 and all that remains are the computer server records which cannot be verified through hard copies.   Ms. Mischler feels strongly that Attorney Mona Womack is deeply involved in this fraud.

35.    October 20, 2006:    Dile requests an extension in her report to allow KY, Hamilton and others to create a false record narrative that didn't exist before October 2006 that was defamatory of Ms. Mischler.    See Exhibit 5, line 4 and Exhibit 8 .

36.    After October 20, 2006:    Dile states that there were two substantiations against Ms. Mischler dated 04-06 and 05-06.    Dile clearly falsified her report to state the substantiations were based on two different dates of 04-06 and 05-06 when the INV-2 and INV-3 state they were from the date of 04-20-06.    See Exhibit 5, 6, 7, 8.

37.    March 1-19, 2007:    Ms. Mischler received anonymous online comments that she was a child abuser.

38.    March 15, 2006:    Ms. Mischler sent a certified mail to Shereena Hamilton demanding a findings letter from the April 20, 2006 visit to Ms. Mischler's home.[14]

39.    March 15, 2006:    Ms. Mischler also sent a complaint to KY Secretary of the Cabinet to investigate the irregularities.

40.    March 15, 2007:    KY Secretary assigned Debbie Dile to investigate with a date for the report to be sent to the director on 3/23/2007.    See Exhibit 9.

42.    March 23, 2006:    Ms. Mischler received a certified letter from Shereena Hamilton that she was a substantiated child abuser.    It was a single letter without specifying what investigation Hamilton was referring to (no designation whether this was INV-1, INV-2 or INV-3).

43.    March 23, 2007:    Dile CREATES a report that has substantially different dates of the substantiations against Amy Mischler than what were in the first Dile Report.

---

[14] Hamilton was supposed to inform Ms. Mischler on April 20, 2006 that Ms. Mischler was supposed to receive a findings letter within 30 days.    Hamilton did not.    KY could easily rectify this by placing on the preprinted "prevention plan" that citizens have a right to findings letter in thirty days.    KY does not because it has no intention of actually following its laws and regulations that require a findings in 30 days.

Dile states that there is May 2006 substantiation, and two substantiations in December 2006.[15]  See Exhibit 5 and Exhibit 9.

44.  March 23, 2007:  Dile admits that Ms. Mischler may be listed as a child abuser multiple times for the same allegation.   See Exhibit 9.

45.  March 23, 2007:  The Dile Second Report shows that attorney Mona Womack was intimately involved in it was a Bruce, and SRA Susan Howard.   See Exhibit 9 top of page where it was faxed from **Mona** Womack's office on 8/27/2007 and where Dile wrote "Conferenced with with **Mona** and Bruce".

46.  March 23, 2007:  The Dile Second Report states that the hard copies of Ms. Mischler are missing.   Dile is unconcerned over the privacy violations or that felonies by social workers could be committed by destroying hard copies to cover up their crime. See Exhibit 10 , twenty two lines from the bottom.

47.  March 23, 2007:  Debra Wilcox [Webb] unsubstantiates INV-2 against Ms. Mischler at 11:30 a.m.   Ms. Mischler was never given due process notice of this substantiation or that she was un-substantiation.   See Exhibit 6, second page, bottom.

48.  July 19, 2007:  Gretchen Marshall unsubstantiated INV-3 against Amy Mischler because Ms. Mischler won an administrative proceeding clearing her name of all allegations.   See Exhibit 5, second page, bottom.

---

[15] Dile falsifies the letter stating that Ms. Mischler knew about the substantiation.   In a later vacated DVO filed by Jonah Lee Stevens who stated that Ms. Mischler marching in public with a sign was domestic violence against him; the judge ordered the Cabinet to open case and open Ms. Mischler to cooperate.   Ms. Mischler only had knowledge that she had to cooperate due to the judicial order and no knowledge regarding the multiple substantiations.   The DVO was vacated because the subsequent judge ruled in a finding that Stevens failed to actually state grounds of domestic violence.   Stevens, an attorney in Appalachia is allowed to manipulate both the legal and child protective systems because he is  . . . an attorney and a man.

49.   December 3, 2008:   KY yet again lists that Ms. Mischler is a substantiated child abuser in her Jonah Lee Stevens records.[16]   Emily Jones under the supervision of Debra Wilcox [Webb] states that Ms. Mischler has three cases against her without one of those cases being substantiated as of December 2008.   The cases are listed as 1. 08-19-2002 (adult protective services investigation), 2. 04-25-2006 Substantiation of child abuse.   3.   5-25-2006 substantiated but overturned due CAPTA hearing. See Exhibit 11.

50.   Sometime after March 23, 2007 and before December 3, 2008:   a KY employee went back into Ms. Mischler's records and re-substantiaed INV-2 against her. See Exhibit 11.[17]

51.   The falsified December 3, 2008 was given to the child custody evaluator in Ms. Mischler's private child custody case between Ms. Mischler and Jonah Lee Stevens.

52.   The child custody evaluator believed that Ms. Mischler is mentally ill based on KY records where Ms. Mischler insisted that she had been cleared of all allegations of child abuse.

53.   At any time KY can go back in and re-substantiate or falsely create cases against Ms. Mischler without her knowledge to defame her.   KY does this in intentional violation of Ms. Mischler's guaranteed due process rights found in the U.S. Constitution.

54.   The KY 2007 OIG Report states that because there was no time stamps when records are change there was a question to the accuracy of the documents.

---

[16] The significance is that Ms. Mischler doesn't have a right to Jonah Lee Stevens records and only received through an accident by KY of sending them in 2016.

[17] In comparison to an email dated February 12, 2016 Ms. Mischler still had two open cases against her.   See Exhibit 13.   So KY is sitll holding a substantiation against Ms. Mischler in its computer records from 10/18/2006 which KY tells Ms. Mischler it's unsubstantiated but KY never changes the computer records in order to discriminate and retaliate against her.

56.    KY refuses to correct its false records that continue to state that Ms. Mischler is a child abuse or address any issues by a letter dated August 2016 by Judge Timothy Feeley.    Feeley is no longer a judge but the deputy secretary of the KY Cabinet for Health and Family Services.

## COMPILATION OF ALL KNOWN SUBSTANTIATIONS AGAINST AMY MISCHLER BY KY[18]

57.    Ms. Mischler was substantiated as a child abuser on 04-06.    See Exhibits 5.

58.    Ms. Mischler was substantiated as a child abuser on 05-06.    See Exhibits 5, G line 19 from the bottom.

59.    Ms. Mischler was substantiated as a child abuser on October 19, 2006    See Exhibit 6.

60.    Ms. Mischler was substantiated as a child abuser on October 20, 2006.    See Exhibit

62.    Ms. Mischler was substantiated as a child abuser on December, 2006 (second referral substantiation)    See Exhibit G line 17.

63.    Ms. Mischler was substantiated as a child abuser on December, 2006 (third referral).    See Exhibit G line 17.

64.    Ms. Mischler was unsubstantiated on March 23, 2006 then someone at a later date before December 3, 2008 re-substantiated that Ms. Mischler was a child abuser. See Exhibit J, H

65.    Ms. Mischler upon information and belief that INV-1 was substantiated against her at an unknown date.    All records turned over to Ms. Mischler in 2007

---

[18] What is occuring is that the computer server records are being changed by unknown individuals to defame Ms. Mischler.    Ms. Mischler believes that a screen shot of the false information is taken and then disseminated.    KY does not have any security to prevent this from taking place.    The 2007 OIG stated that KY records needed to have software to create a time stamp every time a record is changed.    KY never implemented this recommendation from it's own OIG report.    KY does not want to be in compliance with basic privacy protections.

showed in 2002 that there was only an adult protective services investigation against her as corroborated by the December 3, 2008 document.  However, after December 3, 2008 a new 2002 child abuse investigation appeared and was put into the service recording by unknown individuals that was never in Ms. Mischler's service recording prior to that date.

## FALSIFIED CHANGING OF DOCUMENTS AFTER MS. MISCHLER'S CASE WAS CLOSED[19]

66.  Ms. Mischler won TWO ADMINISTRATIVE HEARINGS AGAINST KY in 2007.  One was to remove all allegations of substantiated child abuser against Ms. Mischler.  The second hearing made a factual finding that KY failed to provide promised services to Ms. Mischler.

67. Facially, Ms. Mischler case was closed after she won the second administrative hearing in 2007.  See Exhibit 14.

68. However, KY continued to keep records that stated that Ms. Mischler had open cases and presumptively substantiations against her according to an email February 2016.  See Exhibit 13 which contradicts Exhibit 14.

69. At that time in 2007 there were only three notated cases against Ms. Mischler in her records.  Exhibit 11 shows the three cases.  See also Exhibit 12 page, 1.[20]

---

[19] Ms. Mischler received a letter that the case was closed.  See Exhibit 14.  But this was false as KY continued to keep in its Computer records that Ms. Mischler had one open case and then backdated a second open case from 2002 that never existed according to a February 2016.  See Exhibit 13.

[20] Exhibit 12 is from open records received in 2013 which were marked with a highlighter to identify them and keep them separate from the original documents obtained in 2007.  Ms. Mischler summarily looked through the documents, marked them, and they were put away in a closet until August 2016.

70. Sometime after 2008 an unknown KY employee went into Ms. Mischler's records and created a falsified fourth case from 2002 that never existed in Ms. Mischler's closed case from records received in 2007.[21]

71. The unknown employee believed to be Debra Wilcox [Webb] physically changed the INV's so the number was not so obvious to cover up that there was no INV-1. Compare top of Exhibit's 6 and7 to nearly identical documents in Exhibit 12 pages 3 and 4.

72. The unknown employee believed to be Debra Wilcox [Webb] impersonated Agatha Johnson and/or Delphia Branham who neither were employed with KY at that time; then slipped a sheet of paper which was provided twice in the 2013 open records of the statement of the 2002 investigation.     See Exhibit 12 page 2 and 6.

73. Exhibit 12, page 2 and 6 is word for word from a court filing and not an actual investigation.[22]

74.   Compare Exhibit 13 to Exhibit 12, page 1 and Exhibit 11.   An additional child abuse investigation was created as shown in Exhibit 13 that did not exist until after the case was closed in 2007.

74A.   See Exhibit 1 which was not provided to Amy Mischler until August 2016 that shows Deborah Webb [Wilcox] being the case manager of an open case from August 19, 2002.   See both pages of Exhibit 1.   Delphia Branham was retired and did not make those entries.   They were made by Deborah Webb.

---

[21] To reiterate;   Ms. Mischler didn't have any contact with adult protective services or child protective services until April 20, 2007 when Shereena Hamilton showed up on Ms. Mischler's doorstep.   Ms. Mischler believes that the DCBS number assigned to her 205338 was not obtained for her until October 2006.

[22] Attorney Jonah Lee Stevens spit in Ms. Mischler's face, acted strangely and threatened her.   Ms. Mischler filed for domestic violence protection in case 02-D-002020-001. [Pike KY].   As soon as Stevens was served with the papers he turned around and took a case against Ms. Mischler that she was going to attack physically IN THE FUTURE giving a specific future date and actions.     This is case 02-D-002020-002.     Stevens, an attorney has never been held accountable for his false filing against Ms. Mischler.   If the District Court wants to see the pleading, Ms. Mischer can supply it to the Court if necessary to prove Ms. Mischler's credibility.

75. Note that Exhibit 1 shows consecutive intake id showing that the three child abuse cases were entered simultaneously against Ms. Mischler in October 2006.    The intake numbers are 690095, 690097, 690096.

76. At any time KY is allowing its employees to go into Ms. Mischler's closed case and change the records in the computer servers to create fake cases against Ms. Mischler.

## KY DESTROYS HARDCOPIES OF MS. MISCHLER'S RECORDS WHICH PROMISED HHS TO PRESERVER FOR TWENTY FIVE YEARS

77. KY promised HHS it would preserve all child protective service records for twenty five years.

78. After Ms. Mischler did an open records request in 2013:    KY destroyed Ms. Mischlers records which were supposed to be maintained at least until 2031.

79. Ms. Mischler believes Mona Womack ordered Ms. Mischler's to be intentionally mislabeled as they were put into storage so they would be destroyed.

80. KY only has online computer server records of Ms. Mischler's which stated according Exhibit 11 and 13, that Ms. Mischler has been investigated three times for child abuse and one time for adult abuse although the destroyed hard copies would have shown that KY created a fourth falsified child abuse case from 2002 after her case was closed in 2007.

81. KY refuses to answer open records request by Ms. Mischler to the circumstances around her records being destroyed.    KY claimed it didn't even know her records were destroyed until 2016 when she requested an additional open records request.

## COUNT 1 - Declaration

82.  Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

83.  Ms. Mischler requests a Declaration of the District Court that OCR is required to investigate all complaints alleging violations of fundamental rights regardless whether the complainant is a member of a protected class.

## COUNT 2 - Mandamus

84.  Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

85.  Ms. Mischler requests that this District Court order OCR to investigate all complaints filed that allege violation of fundamental civil rights regardless whether the complainant is a member of a protected class.

86.  Ms. Mischler requests that this District Court order OCR to issue a report to the District Court showing that OCR is in compliance with this mandamus including reopening Ms. Mischler's complaints, accepting her additional complaints and all citizens complaints filed in at least the past year alleging violation of a fundamental right but denied investigation by OCR.

## COUNT 3 - Declaration

87.  Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

88.  Ms. Mischler requests a Declaration of the District Court that KY and all states within OCR's region; that those social workers do not have jurisdiction to request to enter a private home to investigate until the legal mechanism of showing the allegation has been accepted for investigation.   Jurisdiction does not attach until the state approves the allegations for investigation.

89.    Further, that the District Court make the factual finding that Shereena Hamilton violated Ms. Mischler's 4th Amendment Right to privacy in Ms. Mischler's home on April 20, 2006 because Hamilton did not have the legal mechanism showing that the allegation had been accepted for investigation until October 2006.

90.    In addition, that the District Court makes the factual finding in its declaration that Shereena Hamilton being a family friend of Jonah Lee Stevens and never having disclosed such conflict of interest to KY cannot claim good faith exceptions to her actions on April 20, 2006.

## COUNT 4 - Mandamus

91.    Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

92.    Ms. Mischler request that this District Court issue a mandamus against OCR to open an investigation of KY violating Ms. Mischler's 4th Amendment and that OCR shall take all actions necessary to give Ms. Mischler relief the harm KY has done to her and that this action is not closed until OCR has satisfied MS. Mischler with its actions.

93.    OCR shall issue a report to this District Court of the actions it takes to enforce this Count 4 - Mandamus and is ordered to use all resources necessary to hold KY accountable for violating Ms. Mischler's 4th Amendment right including the withholding of HHS funding from KY.

## COUNT 5 - Declaration

94.    Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

95.    Ms. Mischler requests that this District Court to make a declaration that KY and other states within this OCR's region do not have authority to "create" state documents after the fact and that such actions of Debbie Dile requesting an extension to

allow Hamilton to create state documents in October in 2006 to cover-up a 4th Amendment violation in April 2006 constitutes fraud and conspiracy by the part of Dile, Womack, Bruce, Hamilton, Susan Howard, and Debra Wilcox [Webb].

## COUNT 6 - Mandamus

96.     Ms. Mischler requests the District Court to order OCR to open an investigation of KY falsifying documents after the fact to cover up Hamilton's 4th Amendment violation.

97.     Ms. Mischler requests the District Court to order OCR to require KY to conduct a state criminal and civil investigation and prosecution over the falsified documents in October 2006.[23]     If Debbie Dile, Shereena Hamilton, Bruce, Mona Womack, Susan Howard, Debra Wilcox [Webb] or Hamilton's supervisors who engaged in conspiracy to create the October 2006 documents are still employed by KY;   OCR is required to give an accounting to this District Court what steps it took to conduct its investigation and hold KY and these individuals accountable.

98.     The District Court directs OCR to take all steps necessary including HHS withholding federal funds from KY to enforce Count 6- Mandamus.[24]

## COUNT 7 - Declaration

99.     Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

100.     Ms. Mischler requests the District Court to Declare that Ms. Mischler has a fundamental due process notice right to receive timely notification that KY has declared Ms. Mischler a substantiated child abuser.

---

[23] Unlike Federal Criminal Statutes;   KY does not have a statute of limitations on Felonies.   Creating a falsified state document is a criminal felony in KY.

[24] Ms. Mischler understands that HHS is not a party and not subject to this Court's jurisdiction per this petition. However, Ms. Mischler is fully prepared to petition the DC Court to require HHS to act if necessary for the relief requested within and as a practical matter, when OCR provides a copy of this petition and its evidence to KY;   KY is fully on notice to comply or risk having HHS to cut its funds.

101.    Ms. Mischler requests the District Court to Declare that KY violated Ms. Mischler's fundamental due process notice right by failing to give notice that KY has declared Ms. Mischler a substantiated child abuser.

102.    Further, Ms. Mischler requests the District Court to Declare that KY intentionally interfered with her fundamental right as a parent by re-substantiating Ms. Mischler as a child abuser on December 2008, never giving due process notice and submitting that falsified December 2008 document to Ms. Mischler's child custody evaluator.

## COUNT 8 - Mandamus

103.    Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

104.    Ms. Mischler requests this Court to order *OCR WITH ALL DUE SPEED*, to require investigation of and require KY to undo the harm to Ms. Mischler's parental rights caused by the December 2008 falsified KY document in which an employee re-substantiated Ms. Mischler as a child abuser and submitted those records to influence private child custody proceedings.

105.    Ms. Mischler requests this Court to order *OCR WITH ALL DUE SPEED* to use all tools necessary including stopping all HHS funding to KY to achieve COUNT 8 - Mandamus.

## COUNT 9 - Declaration

106.    Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

107.    Ms. Mischler requests that this District Court declare that KY's system of due process notice to substantiated child abusers is Constitutionally flawed and that KY cannot be trusted to send certified letters to individuals because even high level officials

such as Deputy General Counsel Mona Womack was conspiratorily involved in Ms. Mischler's due process right violation.

### COUNT 10 - Mandamus

108.   Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

109.   Ms. Mischler requests this District Court to ORDER OCR to require KY to create a new system that requires summons by law enforcement and civil proceeding adjudicating individuals by a neutral employee not employed by the KY Cabinet for Health and Family Services as substantiated child abusers before designating them as child abusers.

110.   Ms. Mischler requests the District Court to order OCR to use all tools including the withholding of all HHS funding from KY until such system is in place and OCR issues a report to this Court of such.

### COUNT 11- Declaration

111.   Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

112.   Ms. Mischler asks that the District Court issue a Declaration that KY manufactured false records of investigating Ms. Mischler for child abuse after her case was closed and that OCR has a duty to investigate this regardless whether Ms. Mischler is a member of a protected class.

### COUNT 12 - Mandamus

113.   Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

114.   Ms. Mischler requests the District Court to order OCR to investigate KY for falsifying and creating records in Ms. Mischler's name that never existed before KY

closed Ms. Mischler's case and issue report to this Court what OCR actions are to rectify this harm and prevent this action from take place again.[25]

## COUNT 13 - Declaration

115. Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

116. Ms. Mischler requests the District Court to make the Declaration that KY destroyed Ms. Mischler's records in order to cover up KY misconduct and that OCR must investigate regardless whether Ms. Mischler is in a protected class.

## COUNT 14 - Mandamus

117. Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

118. Ms. Mischler requests the District Court to order OCR to open up a detailed investigation why KY violated its agreement with HHS and destroyed Ms. Mischler's records which it was supposed to maintain for twenty five years.

119. Further, Ms. Mischler requests the District Court to order OCR to require KY to do a criminal and civil investigation of the destruction of Ms. Mischler's records. Destruction of these records is a felony in KY.

120. In addition, Ms. Mischler requests the District Court to order OCR to issue a report to this Court on how OCR is going to hold KY accountable and prevent such destruction of records in the future.

## COUNT 15 - Declaration

121. Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

122. Ms. Mischler requests the District Court to make the Declaration that private citizens have an enumerated privacy right to have good faith accurate records regarding

---

[25] Ms. Mischler believes the appropriate action is a new software that makes a time stamp every time a record is changed. This was recommended by the KY Office of Inspector General in the 2007 OIG report but KY never implemented this recommendation.

investigations of child abuse against them and that OCR must investigate inaccurate records keeping that rises to the level of bad faith regardless whether the complaintants is a member of protected class.

## COUNT 16 - Mandamus

123.   Ms. Mischler incorporates paragraphs 1 through 81 herein fully.

124.   Ms. Mischler requests the District Court to order OCR to investigate KY for Ms. Mischler inaccurate remaining computer server records which are contradicted by the hard copies which KY destroyed and Ms. Mischler retained.

125.   Further, that the District Court order OCR to make KY show either Ms. Mischler or her representative all computer records on her to check for accuracy and that KY shall never change those online records that Ms. Mischler agrees to or that OCR and KY will be in contempt of this Court.

## JUDICIAL NOTICE OF CHILDREN'S PREVENTABLE DEATHS
## DUE TO KY NEGLIGENCE WHILE IN KY LEGAL CUSTODY

126.   This action concerns the civil liberties of Ms. Mischler.

127.   Ms. Mischler gives judicial notice to the District Court that KY is allowing children die while receiving MILLIONS of dollars from the Federal Government. Instead of protecting children;   KY spends it's resources to retaliate and discriminate against Ms. Mischler and continue years later to destroy and tamper with Ms. Mischler's records.

128.   While KY uses its resources to falsify Ms. Mischler's records years after her case is closed; Amy Dye, an adopted child was murdered by her adoptive brother while

multiple teachers called KY and reported child abuse and KY NEVER BOTHERED TO INVESTIGATE.

129. While KY uses its resources to falsify Ms. Mischler's years after her case is closed; Kayden Branham was born to his mother while she was in KY foster care and TWELVE YEARS OLD.   KY never did the required monthly checks of Kayden and his mother, then fourteen when they were placed by KY social workers with Kaydens grandmother who lived in home without power or water.

130. Kayden's 14 year old mother and 18 year boyfriend, while KY had custody of Kayden and his mother; were living in a trailer apart from the grandmother; the trailer was used part time to make meth.[26]

131. While KY is spending it's resources to falsify Ms. Mischler's records in a closed case;   Kayden was twenty months old when he drank from a coffee up of draino while in the legal custody of KY who never bothered to check on him or his 14 year old mother.

132. KY is lawless and out of control.   It's time that OCR actually did it's job and withhold federal funding from KY until KY stops spending resources falsifying Ms. Mischler's documents in a closed case while letting babies die horrible deaths that were completely preventable by KY, had KY ever bothered to follow it's own regulations and statutes.

---

[26] The meth trailer had electricity to keep Kayden's milk cold where the home where social workers place him and his mother did not.   Social workers were supposed to do monthly home checks to phsycially see that Kayden and his mother were safe.   Those checks never happened.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Mischler respectfully request that the Court

A.   Issue a writ of mandamus ordering Respondents to do as requested in paragraphs and issue a decision thereon; or

B. Hold that the Respondents engaged in a pattern of discrimination against Ms. Mischler and likely others, because she and others not in a protected class; and make a factual finding of KY violating Ms. Mischler's civil rights and order immediate investigation of all allegations raised by Ms. Mischler herein and written to OCR, and issue a decision thereon.

Respectfully submitted,

Amy Mischler, Pro Se
1120 Palm Court
Okeechobee, Florida 34974
863-763-6213
ajmischler@yahoo.com

1-26-17

## Individual Summary Face Sheet

| | |
|---|---|
| Intake Id: 656903 | Date Received: Aug 19 2002 |

Program/ Subprogram:    Insufficient Information

Completed By:    BRANHAM (BSS-FSOS), DELPHIA

Allegations/Concerns:

Petitioner filed Domestic Violence Petition/Motion.

| | |
|---|---|
| Intake Id: 690095 | Date Received: Aug 19 2002 |

Program/ Subprogram:    Insufficient Information

Completed By:    BRANHAM (BSS-FSOS), DELPHIA

Allegations/Concerns:

Has made verbal threats in past.   Spit on me yesterday.  It was the first time it was physical.  Took place yesterday, July 21, 2002 around 12:00 on his grandfather's porch.  I have been frightened of him since his extreme weight loss and personality change.  He is bringing the children with him to court to gain sympathy today.

**Assessment(s)**

| | | | |
|---|---|---|---|
| Case# 205338 | | Intake Id: 690097 | |
| Date Received: May 25 2006 | | Date Accepted: Oct 19 2006 | |
| Staff Determination: Meets Acceptance Criteria | | Staff Assigned: HAMILTON (BS/MSW-SSCI), SHEREENA | |
| Outcome: In home ongoing case | | Status: Complete | |

Allegations/Concerns:

Oct 18 2006 11:48AM Shereena Hamilton (BS/MSW-SSCI)
We received a court order to open the case.

| Victim | Alleged Perpetrator | Program/Subprogram | Findings | Under Appeal |
|---|---|---|---|---|
| STEVENS, ▓▓▓▓▓ | MISCHLER, AMY | Basic Neglect | Unsubstantiated | |
| STEVENS, ▓▓▓▓▓ | MISCHLER, AMY | Basic Neglect | Unsubstantiated | |

EXHIBIT 1

8/9

## Individual Summary Face Sheet

| #| 205338 | Intake Id: | 690096 |
|---|---|---|---|

Date Received:    Apr 20 2006           Date Accepted:    Oct 19 2006

Staff Determination:    Meets Acceptance Criteria           Staff Assigned:    HAMILTON (BS/MSW-SSCI), SHEREENA

Outcome:    Close Referral    *No actual Referral*           Status:    Complete

Allegations/Concerns:

Oct 18 2006 11:43AM Shereena Hamilton (BS/MSW-SSCI)
It was reported that Amy took the children in the heat of the day and protested in front of the courthouse stating their father would not provide medical insurance for them.  It was reported that one of the children had strep throat and Amy did not get his medication after the father tried to provide her with the money.

| Victim | Alleged Perpetrator | Program/Subprogram | Findings | Under Appeal |
|---|---|---|---|---|
| STEVENS, ▉▉▉▉ | MISCHLER, AMY | Basic Neglect | Unsubstantiated | |
| STEVENS, ▉▉▉ | MISCHLER, AMY | Basic Neglect | Unsubstantiated | |

**Ongoing:**

| Case Number | Case Name | Date first created | Date closed | Case Manager | County |
|---|---|---|---|---|---|
| 205338 | MISCHLER, AMY | Aug 19 2002 | | WEBB (BSW-FSOS), DEBORAH | Johnson |

**Placement history:**

EXHIBIT 1   PAGE 2

9/9



**Prevention Plan**

NAME of FAMILY or INDIVIDUAL

Amy Mischler

OBJECTIVE

Allegations of neglect

FAMILY'S NAME FOR THE PLAN

▓▓▓▓▓ Plan

Tasks or Steps to be Accomplished

1. Amy will take the children for a follow-up appointment to make sure they are medically fine & will ask Dr Sachdeva to send worker a report

2. Amy will take the children to the doctor when they need to go and will give them their medication as prescribed.

3. If the children are sick, Amy will make sure she gets their medication as soon as it is prescribed.

4. Amy will cooperate fully with DFP in completing the investigation.

5. Amy will ensure the children take all of their medication as the doctor prescribed it.

*Amy Mischler*
*Unmediately?*

How will the successful accomplishment of these tasks be measured?

Monitor case    Monitor case

Potential Consequences if this Prevention Plan does not work

Court action

7/9

*Amy Mischler*
*Theresa Hamill*
4-20-06

**EXHIBIT 2**

Attachment 13



EXHIBIT 3

Handwritten annotations:

Jonah Stevens sister in law
Jonah Stevens brother
Jonah Stevens step daughter
Jonah Stevens wife
Jonah Stevens step son
Social worker who falsified records to benefit Jonah Stevens

## Selena Stevens

Timeline   About   Photos   Friends   More ▾

+1 Add Friend   Follow   Message

Do you know Selena?

To see what she shares with friends, send her a friend request.

**Friends**

All Friends   Recently Added   Followers   Following

Search Friends

**Terry Stevens**
Director, Database Technologies at
Xerox Corporation
Add Friend

**Danielle Graham**
Georgetown, Kentucky

**Miranda Hess**
Works at Lowe's Home Improvement
Add Friend

**Bernadean Dotson-Stevens**
Add Friend

**Cody Marcus Dotson**
Morehead State University
Add Friend

**Shereena Hamilton**
Pikeville College and the University of
Kentucky
Add Friend



# EXHIBIT 4

ASSIGNMENT OUTLINE

(R. 12/03)

**Date Received: 10-11-06**          **Assignment Received From: Commissioner**

**Specialist Assigned:** DDile

**Date Administrative Staff Informed of Assignment:**

**Due Date to Director: 10-20-06   Extension requested on 10-20-06**

**Assignment Overview:**
Review complaint and prepare an assignment outline
The assignment was a complaint from the NM, Amy Mischler. The complaint was in the form of an affidavit where the NM listed several situations she thought the courts should consider in the custody/visitation battle.

**List what was accomplished to complete the assignment (bullet point format):**

This reviewer contacted the DCBS worker, Kathy Harder. She received a copy of the affidavit and reviewed the NM's allegations. Her response was that the allegations had been investigated or did not meet criteria for investigation. The NM included several situations that she was uncomfortable with, but it did not raise to the level of an investigation.
There are two prior referrals in Twist regarding this family:
1. 04-06  Neglect was investigated and originally unsubstantiated based on information obtained. However, the NF filed an EPO and the courts overturned custody to the NF. DCBS was forced to change our finding to match the courts according to SOP. (The NM feels that this agency is deliberately sabotaging her attempts to fight her ex-husband). This is one example where this agency attempted to unsubstantiated but had to match the courts findings. The unsubstantiation appears to be an appropriate finding.
2. 05-06  This referral was added to open the case as court ordered by the Judge. This case is being directed by the court system and custody of the children is now with the NF with supervised visits with the NM.

**Recommendations (where appropriate):**
None------After review of the investigations the courts have forced this agency to change its finding as well as open a case.

**Date completed and returned to Administrative Staff for Directors review and distribution:**
**09-03-06**  Extension was requested and granted on 10-20-06.

# EXHIBIT 5

(Attachment D)

INV-2

DCBS Number: 205338
DCBS Name: Amy Mischler



**COMMONWEALTH OF KENTUCKY**
**CABINET FOR FAMILIES AND CHILDREN**
**DEPARTMENT FOR COMMUNITY BASED SERVICES**

**CONTINUOUS QUALITY ASSESSMENT**
FAMILIAL - CPS NARRATIVE OUTLINE

Date CQA Approved: 10/20/2006

## I. MALTREATMENT/PRESENTING PROBLEM:

Oct 19 2006 10:49 AM - Shereena Hamilton (BS-MSW-SSC1)
It was reported that Amy took the children in the heat of the day and protested in front of the courthouse stating their father would not provide medical insurance for them.  It was reported that one of the children had strep throat and Amy did not get his medication after the father tried to provide her with the money.

There was maltreatment found as the DVO was granted in this case and custody of the children went to the father, Jonah Stevens.

CONFIDENTIAL
This inf. . . . . . . May
Not C . . . . . . . .

| CPS RATING |
| --- |
| 2 |

## II. UNDERLYING CAUSES:

Oct 19 2006 10:55 AM - Shereena Hamilton (BS-MSW-SSC1)
Ms. Mischler had stated that the father, Jonah Stevens did not get the children insurance and stated she could not pay for their medications.  She took Tucker out in the heat of the day and protested in front of the court house with signs.  Tucker had strep throat.  The father filed an EPO on behalf of the children and it was granted.  These are the surrounding circumstances that led up to the report.

# EXHIBIT 6

| CPS RATING |
| --- |
| 2 |

## III. FAMILY DEVELOPMENTAL STAGES & TASKS:

**Selected Assessment Factors**
Risk: Adult/s show no remorse or guilt, blame the child or justify maltreatment of child.
Risk: Past/present history of family violence (not necessarily part of current incident).
Risk: Family shows stresses such as poverty, unemployment, chaotic lifestyle, or isolation.
Strength: Parent/caregiver knows child/ren needs and is concerned about their safety and well-being.
Strength: Parent/caregiver in the home is willing to provide basic food, clothing, and shelter for child/ren.

**Narrative:**
Oct 19 2006 10:55 AM - Shereena Hamilton (BS-MSW-SSC1)
The family consists of Amy Mischler and her two children Zachary and Tucker Stevens.  She is divorced from the children's father, Jonah Stevens.  She did live

21

Number: 205338                    INV-2
Name: Amy Mischler

being sicker.

Worker then received an EPO that was filed on behalf of the children by Jonah.  See hard
copy.  The EPO was granted and he received temporary custody of the children.  He filed
an amended peice and the visitation Amy was getting was to be supervised. Worker staffed
the case with Ms. Larder again and was advised worker had to substantiate report based on
Mr. Stevens filing the same allegations on behalf of his children and having the DVO
granted.  Worker then received notice that the case was court ordered to be opened.  See
referral #3.

Kathy Larder received this report on 04-20-06  and law enforcement was notified of the
report by centralized intake.  Worker received the report on 04-20-06           and
initiated the report on the same day after consulting with FSOS, Kathy Larder. In the
staffing of the case, worker was advised to assess risk to the children and see if
services were needed.  CA/N, AOC, and LINK checks were completed at that time.  A  (72-
hour)  second notification was given to law enforcement on 04-20-0.  Worker assessed case
and CQA risk assessment guidelines were utilized and moderate risk was found.
Comprehensive family services and family team meetings were  discussed with the family
and they did not want the services at this time. Mrs. Mischler was notified of the
findings and was given a 154 and 155 form by certified mail.  Worker also explained Hippa
to her and gave her a copy of the forms. This report is substantiated.  It was court
ordered to be opened.  See referral #3.  This case is being opened in connection with the
court order in referral 3.
Oct 20 2006 9:51 AM - Shereena Hamilton (BS-MSW-SSC1)
error

CONF[...]TIAL
This Info[...] May
Not Be [...]sed

Worker Signature        _____        Date: _____
                        *If Applicable*

Supervisor Signature    _____        Date: _____
                        *If Applicable*

## HISTORY OF OVERRIDE INFORMATION:

| Primary Individual | Other Individual | Incident | Program/ SubProgram | Supervisor Results | Override Date | Override Reason |
|---|---|---|---|---|---|---|
| Tucker Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| Tucker Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Mar 23, 2007 | Additional Information |
| | | | | | | |
| Zachary Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| Zachary Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Mar 23, 2007 | Additional Information |

Referral Results Override Date:              3/23/2007          EXHIBIT 6    PAGE 2

Referral Results Override Reason Notes Summary:
Mar 23 2007 11:30 AM - Debra Wilcox (BS-SRAA)

Cabinet Exhibit

DCBS Number: 205338
DCBS Name: Amy Mischler

INV-3

COMMONWEALTH OF KENTUCKY
CABINET FOR FAMILIES AND CHILDREN
DEPARTMENT FOR COMMUNITY BASED SERVICES

CONFIDENTIAL
This Information May
Not ...

CONFIDENTIAL
This Information May
Not Be Released

CONTINUOUS QUALITY ASSESSMENT
FAMILIAL - CPS NARRATIVE OUTLINE

Date CQA Approved: 10/20/2006

## I. MALTREATMENT/PRESENTING PROBLEM:

Oct 20 2006 10:33 AM - Shereena Hamilton (BS-MSW-SSC1)
We received a court order to open the case, therefore the Judge found that there were grounds to grant the DVO on behalf of the children due to the mother making Tucker hold a sign up in the heat of the day. The mother has also been talking about the father in bad terms to the children in which upsets them.

| CPS RATING |
|---|
| 2 |

## II. UNDERLYING CAUSES:

Oct 20 2006 10:31 AM - Shereena Hamilton (BS-MSW-SSC1)
Ms. Mischler had stated that the father, Jonah Stevens did not get the children insurance and stated she could not pay for their medications. She took Tucker out in the heat of the day and protested in front of the court house making him hold a sign. The child had strep throat. The father filed an EPO on behalf of the children and it was granted. These are the surrounding circumstances that led up to the repor                                        be opened.

| CPS RATING |
|---|
| 2 |

# EXHIBIT 7

## III. FAMILY DEVELOPMENTAL STAGES & TASKS:

**Selected Assessment Factors**
Risk: Adult/s show no remorse or guilt, blame the child or justify maltreatment of child.
Risk: Past/present history of family violence (not necessarily part of current incident).
Risk: Family shows stresses such as poverty, unemployment, chaotic lifestyle, or isolation.
Strength: Parent/caregiver knows child/ren needs and is concerned about their safety and well-being.
Strength: Parent/caregiver in the home is willing to provide basic food, clothing, and shelter for child/ren.

**Narrative:**
Oct 20 2006 10:31 AM - Shereena Hamilton (BS-MSW-SSC1)
The family consists of Amy Mischler and her two children Zachary and Tucker Stevens. She is divorced from the children's father, Jonah Stevens. She did live at Northgate Apartments, #9, in Pikeville, however she has since moved to 797 Ballardsville Road Eminence, KY 40019 according to the children's father. Amy did



DCBS Number: 205338                           INV-3
DCBS Name: Amy Mischler

error

Worker Signature          _____    Date: _____
                                    *If Applicable*

Supervisor Signature      _____    Date: _____
                                    *If Applicable*

CONFIDENTIAL
This Information May
Not Be Released

## HISTORY OF OVERRIDE INFORMATION:

| Primary Individual | Other Individual | Incident | Program/ SubProgram | Supervisor Results | Override Date | Override Reason |
|---|---|---|---|---|---|---|
| ~~Stevens~~ Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| ~~Stevens~~ Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Jul 19, 2007 | Additional Information |
| ~~Stevens~~ Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| ~~Stevens~~ Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Jul 19, 2007 | Additional Information |

Referral Results Override Date:          7/19/2007

Referral Results Override Reason Notes Summary:
Jul 19 2007 11:39 AM - Gretchen Marshall
The findings were reversed following a CAPTA.  The final order (signed on 7/13/07) was
received in Quality Assurance on 7/19/07.

# EXHIBIT 7   PAGE 2



worker as well.
_____ _____ milton (BS-MSW-SSC1)
_____ _____ case with FSOS, Wilma Taylor and she advised worker to find out
_____ _____ what county she was in because once the case is transferred, it
_____ _____ county that her sister works. Worker did find out Sandy is a worker

_____ during the course of the investigation, worker spoke with collateral Bernadine
_____ . She is the kids stepmother. Bernadine seems very concerned about the children.
She stated that once in June Amy took them to Louisville and did not bring them back and
they had to file custodial interference on her. She said Tucker had also told her that
Amy would not let them talk to any of them if they were with her. She told Tucker she
would make him sleep by himself in the dark if he talked to them.

Kathy Larder received this report on 04-20-06 and law enforcement was notified of the
report by centralized intake. Worker received the report on 05-25-06 _____ and
initiated the report on the same day after consulting with FSOS, Kathy Larder. In the
staffing of the case, worker was advised to assess risk to the children and see if
services were needed. CA/N, AOC, and LINK checks were completed at this time. A second
second notification was given to law enforcement on 05-25-06. Worker assessed case
and COR risk assessment guidelines were utilized and moderate risk was found.
Comprehensive family services and family team meetings were discussed with the family
and they did not want the services at this time. Mrs. Mischler was notified of the
findings and was given a 154 and 155 form by certified mail. Worker also explained Ripps
to her and gave her a copy of the forms. This report is substantiated. It was court
ordered to be opened for short term services. Since Amy has relocated to Louisville, the
case will be sent there for services.
Oct 20 2006 11:31 AM - Shereena Hamilton (BS-MSW-SSC1)

No. 1947    P. 9/10

May. 1. 2007  3:52PM

DCBS Number: 205338          INV-3
DCBS Name: Amy Mischler

error

Worker Signature        If Applicable          Date: _____

Supervisor Signature    If Applicable          Date: _____

EXHIBIT 7   PAGE 3





**DCBS Number:** 205338
**DCBS Name:** Amy Mischler

Oct 23, 2006, Telephone Initiated by Worker Negative, DCBS Office
Other Contacts/Pertinent Information, Amy Mischler, ██████ Stevens, ████████ Stevens,
Ongoing Services
Amy will ensure the children are safe and properly supervised while in her care.
Family will be supportive and help with supervision of the children, along with medical,
physical, and emotional needs.
Worker tried to contact Sandy Mader by phone today and there was nobody home.

---

| | |
|---|---|
| Date CQA Completed: | Oct 20, 2006 |
| CQA Number Completed: | INV - 3 |
| Name Of Worker Who Completed CQA: | Shereena Hamilton (BS-MSW-SSC1) |
| Name Of Supervisor Who Approved CQA: | Wilma Taylor (BSW-FSOS) |

---

| | |
|---|---|
| Date CQA Completed: | Oct 20, 2006 |
| CQA Number Completed: | INV - 2 |
| Name Of Worker Who Completed CQA: | Shereena Hamilton (BS-MSW-SSC1) |
| Name Of Supervisor Who Approved CQA: | Wilma Taylor (BSW-FSOS) |

---

Shereena   Hamilton (BS-MSW-SSC1)
Oct 20, 2006, Face to Face Initiated by Worker, DCBS Office
Investigative/Assessment, ██████ Stevens, ██████ Stevens, Assessment

Worker completed CQA#2, see for details.

Shereena   Hamilton (BS-MSW-SSC1)
Oct 20, 2006, Face to Face Initiated by Worker, DCBS Office
Investigative/Assessment, ██████ Stevens, ██████ Stevens, Assessment

Worker completed referral 3 and it is ready to be opened for short term services.   The
transfer summary is as follows:

TRANSFER SUMMARY
Case Name:  Amy Mischler
Case Number:  205338
Date received & investigated:  04-20-06

# EXHIBIT 8

Allegations:
It was court ordered that the case be opened, however the prior report (referral 2) was
the allegations that started the whole thing.  The allegations are as follows:
It was reported that Amy took the children in the heat of the day and protested in front
of the courthouse stating their father would not provide medical insurance for them.  It
was reported that one of the children had strep throat and Amy did not get his medication
after the father tried to provide her with the money.

REASON FOR OPENING CASE
Ms. Mischler had stated that the father, Jonah Stevens did not get the children insurance
and stated she could not pay for their medications.  She took ██████ out in the heat of
the day and protested in front of the court house making him hold a sign.  The child had
strep throat.  The father filed an EPO on behalf of the children and it was granted.  The
case was then court ordered to be opened.

FAMILY COMPOSITION
The family consists of Amy Mischler and her two children ██████ and ██████ Stevens.  S
is divorced from the children's father, Jonah Stevens.  She did live at Northgate

ASSIGNMENT OUTLINE

(R. 12/03)

**Date Received: 03-15-2007**          **Assignment Received From:** Secretary's office

**Specialist Assigned:** DDile

**Date Administrative Staff Informed of Assignment:**

**Due Date to Director:**          3/23/2007

**Assignment Overview:**
- Review complaint

This is the second complaint made by Ms. Mischler. The first complaint is from Oct. 2006 and is attached.

The second complaint is dated 3-15-07 and is addressed to Ms. Shereena Hamilton the SSW in Pike Co. This worker is both the intake worker and then was transferred to on-going where she was the on-going worker. The Intake FSOS is Kathy Larder and the On-going FSOS is Wilma Taylor.

Ms. Mischler states that the purpose of the letter is threefold. "First, it's a demand letter that you observe my due process rights. Second, it is notice of irregularities to Cabinet official who are in charge of supervising you, and third it's an open records request."

The following information was pulled from the letter and will be considered as the complaint:
- She complains that she did not receive a referral for Seven County Services.
- She states that she has never received a finding letter from the Cabinet, however, in her first complaint she was aware that she had a substantiated finding against her for neglect.
- She has not spoken to her worker since December 2006.
- She states that the DVO that caused this agency to change its finding has been vacated.
- She states that this agency was court ordered in May to offer her services and we did not begin this until Dec. 2006
- She states that in November she was told this agency was transferring the case to Jefferson co. and this still has not happened.
- She claims that she has made allegations against her ex-husband and this agency is failing to act because he is an attorney in Pike Co.

**List what was accomplished to complete the assignment (bullet point format):**

- Review Twist information # 205338

T/C to Wilma Taylor On-Going FSOS—This reviewer faxed her a copy of the letter to Ms. Hamilton from Ms. Mischler dated 3-5-2007. FSOS states that she has not read this letter but was aware that her worker had received it.

She states that the first investigation came in May 2006 and was substantiated to match the courts findings. She was not aware that the DVO had been vacated and agreed to research this and ask her legal staff to get involved if needed. This is relevant because this agency changed its unsubstantiated finding to substantiated to match the court finding of neglect in regards to this DVO.

# EXHIBIT 9

(Attachment D)

## ASSIGNMENT OUTLINE

(R. 12/03)

- She states that the case is lost and they have attempted to re-create it but it has been difficult. The worker states that she sent a finding letter to the NM but this cannot be verified. A new finding letter was mailed to the NM certified on 3-16-2007.
- A new referral was entered in December of 2006 in order to open the case. It is not known why this happened but, it is probably because the finding on the May referral was entered and closed. Either way it has added a second substantiated finding to the NM's CAN registry and should be corrected. The FSOS is also working on this in order to change the finding. She agreed to call twist if necessary.
- She was not sure that a referral was completed for the NM to attend SCS. She will discuss with the worker.
- She says that a case plan was done with the NM in December. It is unknown if any other contact has occurred with the NM. On the case plan it says that DCBS will make monthly visits to the NM and this has not happened.
- The FSOS states that this is because the case was going to be transferred to Jefferson Co. but they would not accept the case without the hard file. Then Shelbyville was going to take the case and now Johnson Co. is going to take the case. This is to avoid a professional conflict due to the NF is also an attorney in Pike Co. The FSOS says that her FSOS is out this week and she is unsure when this transfer is going to take place.

It appears due to various reasons services have not been offered to this NM. It is difficult to determine as the case is lost and the county is experiencing multiple problems with past dues and staff shortages.

May 2006-Substantiated neglect only because the court changed its finding—This agency was court ordered to offer the NM services. (This reportedly did not occur due to past dues)
December 2006-Case is lost and a third referral is added to open the case (This created an substantiation against the NM that is not accurate).
December 2006-Case plan was complete with the NM, monthly visits have not occurred as we agreed on the case plan and the case has not been transferred as we agreed.
March 2007-A finding letter was mailed to her alerting her to a substation of neglect in May of 2006.

3-23-2007
Conferenced this situation with Mona and Bruce. We spoke with the SRA, Susan Howard and discussed the above concerns. The assignment outline was emailed to her as requested on 3-23-2007.

# EXHIBIT 9   PAGE 2

Response was emailed from FSOS Wilma Taylor:

1. Shereena Hamilton did call Seven Counties to inform intake of Ms Mischler would be calling for an appointment for an intake, she was not informed to complete any type of referral. Shereena assumed Ms Mischler would follow up in making her appointment.

2. I will need Shereena to clarify the order to dismiss, if that will include the finding of neglect.

(Attachment D)

ASSIGNMENT OUTLINE

(R. 12/03)

3. I have checked with Ms Wilcox regarding the case being assigned to another county to continue services, Ms Wilcox will make arrangements for Johnson County to take case responsibility since court has been transferred from Floyd County to Johnson County Court.

4. Jenny Cook from Floyd County intake team (606-889-1724) is addressing the new allegations regarding Mr. Stevens (father). The supervisor is Angela Baldwin.

5. Ms Wilcox and I will need to work on changing the finding of referral #3 to change the finding, Ms Mischler as far as we know only has the one substantiation and we will make sure the case reflect that.

6. Shereena has not had contact with Ms Mischler since 11/06, the case plan visit, Shereena did make a visit to the father's home. As we talked yesterday, the mother had moved and the worker did not know her whereabouts for some time, then she was reportedly in Shelby County, I called in attempt to transfer the case to find out she moved to Jefferson County with her mother, I did contact Jefferson County in attempts to transfer the case, I decided to keep the case in Pike County due to the father having custody of the children. LaToya Jones, Jefferson County DPP is providing courtesy services to Ms Mischler.

I have already sent you the case plan, finding letter and court order that ordered family services to be provided to the family.
If I have left any thing out please let me know.

Thanks


3-23-2007--Letter was sent to Ms. Mischler (see attached)


EXHIBIT 9    PAGE 3


Recommendations (where appropriate):
• Re-create Case-This is currently being done.
• Assist her with applying for open records--Carrie Hall agreed to do this.

(Attachment D)

### ASSIGNMENT OUTLINE

(R. 12/03)

- LaToya Jones in Jefferson Co. to follow up with Ms. Mischler and attend a seven counties appointment with her. Regional office has agreed to do this.
- Transfer case to Johnson Co. ASAP. Regional office has agreed to do this.
- Explore further if court order substantiating neglect on the children, has been appealed. The regional office is currently doing this
- Add the allegations against the NF into twist and assess for acceptance/services. The regional office is currently doing this.
- Correct the findings in referral #3, so that the NM is not on the central registry for neglect on two separate occasions, as this is not correct. Regional office has agreed to do this.

**Date completed and returned to Administrative Staff for Directors review and distribution: 03-23-2007**

## EXHIBIT 9    PAGE 4

(Attachment D)

05/03/2007 11:21 FAX 502 564 8975       Admin.Hearings                          ☒016
May. 1. 2007  3:52PM                                                   No. 1947  P. 10/10

**CABINET FOR HEALTH AND FAMILY SERVICES**
**COMMONWEALTH OF KENTUCKY**
**275 EAST MAIN STREET, 3E-A**
**FRANKFORT, KY 40621**
(502) 564-6852 Phone  (502) 564-3096 Fax
DEPARTMENT FOR COMMUNITY BASED SERVICES
DIVISION OF PROTECTION AND PERMANENCY
AN EQUAL OPPORTUNITY EMPLOYER

DPP-152          **Child Protective Service (CPS) Substantiated Investigation Notification Letter**
(Rev. 06/04)

Date: March 16, 2007

Cabinet for Health and Family Services
131 Summit Drive Suite 400
Pikeville, KY 41501

Amy Mischler
320 Inverness Avenue
Louisville, KY 40214

CONFIDENTIAL
This Information May
Not Be ...

Dear Ms. Mischler,

The Cabinet for Health and Family Services, Department for Community Based Services received a report of suspected child abuse or neglect as defined in Kentucky Revised Statute (KRS 600.020(1) regarding a child in your care. Based upon the information received through the investigation of this report the allegations have been found to be substantiated.

The factual basis for the finding of abuse or neglect (KRS 600.020(1)) is as follows:  Neglect was substantiated on you based on a DVO that was granted on behalf of your two minor children, Zachary and Tucker Stevens on May 25, 2006. The EPO /DVO stated that you had your minor child, Tucker, out on the streets of Pikeville in over 80 degree weather while he was sick with strep throat forcing him to walk up and down the street holding a sign.

The role of the Department for Community Based Services in investigating reports of child abuse or neglect is to assess the risk to the child and to make efforts to protect children from further risk.  The Department is not responsible for criminal prosecution.  However, this finding may be the basis for denying you certain rights and privileges, such as approval for foster parenting, adoption, or employment as required by state or federal law.

Pursuant to 922 Kentucky Administrative Regulation (KAR) 1:330, Section 10 (1), individuals who are found to be substantiated perpetrators of child abuse or neglect shall be given the right to request an administrative hearing to challenge the finding of (abuse, risk of abuse, or neglect). Requests for an administrative hearing must be made by completing the attached DPP-155 form and submitting it, postmarked within thirty (30) calendar days of receipt of this letter to:

OFFICE OF THE OMBUDSMAN
Performance Enhancement Branch
Quality Assurance Section
275 East Main Street, 3E-K
Frankfort, Kentucky 40621

If you have any questions or concerns regarding this letter or the investigation, please call me at (606) 433-7596.

Sincerely,

Shreena Hamilton

Shereena Hamilton SSCI-MSW

# EXHIBIT 10

...ber: 205342
...me: JONAH STEVENS

...act                    **FINALIZED**                    12/03/2008

Staff's Name: JONES-GRAY(BSW-SSCI), EMILY REGENEA
On Behalf Of: Amy Mischler, Jonah Stevens, Zachary Stevens, Ulysses Tucker Stevens
Contact Type: Paperwork / Notifications
Contact Location: DCBS Office
Service Activities: Referral for Services
Case Plan Objectives:
Comments:

Dec 3 2008 12:39PM Emily Jones-Gray(BSW-SSCI)
Worker Emily Jones, BSW, SSWI entered referral #6 on 12-03-2008.
Worker Emily Jones, BSW, SSWI received this referral via fax from Jefferson County DPP on 12-03-2008 on an EPO. The
EPO is dated for 12-02-2008. This referral does not meet the criteria for an APS investigation per SOP 4A.2 (3) - adults are
not married and do not live together. This referral does not meet the criteria for a CPS investigation per 7A.4 (1a) -
generalized feelings of concern. No specific abuse allegations are made for emotional abuse.

TWIST History:
Jonah Stevens #205342
1. 05-19-2002 I & R
2. 02-28-2007 CPS Neglect - unsub'd
3. 06-11-2007 APS R/L
4. 10-03-2008 CPS R/L
5. 06-04-2008 CPS R/I

Amy Mischler #205339
1. 05-19-2002 APS I & R
2. 04-20-2008 CPS Neglect - sub'd
3. 06-25-2008 CPS Neglect - sub'd, but overturned to unsub'd in CAPTA

Additional Information:
Per EPO:
Jonah Stevens works at Hamilton and Stevens 117 Caroline Ave Pikeville, KY 41501

Contact                    **FINALIZED**                    09/19/2007

Staff's Name: ADKINS (BS-FSOS), DENISE
On Behalf Of: Amy Mischler, Jonah Stevens
Contact Type: Paperwork / Notifications
Contact Location: DCBS Office
Service Activities: Investigation/Assessment
Case Plan Objectives:
Comments:

Sep 19 2007 12:00AM Denise Adkins (BS-FSOS)
JC-3 dated 08-11-08, received in DPP office 08-11-07.  Referral does not meet criteria for an investigation (former spouse,
over return of children), entered as a resource linkage.  JC-3 noted no injuries or complaint of pain, no damage.  Two
children were present: Zachary and Ulysses.

3/4

# EXHIBIT 11

1/30

DCBS Number: 205338
DCBS Name: Amy Mischler

**COMMONWEALTH OF KENTUCKY**
**CABINET FOR FAMILIES AND CHILDREN**
**DEPARTMENT FOR COMMUNITY BASED SERVICES**

**FACE SHEET / CASE SUMMARY**

Case Manager: Shereena Hamilton (BS-MSW-SSC1)
Supervisor:   Wilma Taylor (BSW-FSOS)
County:       Pike

| | | | | |
|---|---|---|---|---|
| Date of initial Referral: | Aug 19, 2002 | | Date moved to ONG: | Oct 20, 2006 |
| Date of most recent Referral: | Oct 18, 2006 | | Date Case Closed: | |
| Number of Referrals: | 3 | | | |

Referral Summary

| Referral No. | CPS / APS | Date Received | Date Intake Submitted | Intake Determination | Date Referral Result Submitted | Referral Results |
|---|---|---|---|---|---|---|
| 3 | CPS | Oct 17, 2006 | Oct 18, 2006 | Accept For Investigation | Oct 20, 2006 | Continue Case |
| 2 | CPS | Oct 18, 2006 | Oct 18, 2006 | Accept For Investigation | Oct 20, 2006 | Close Referral |
| 1 | APS | Aug 19, 2002 | Aug 19, 2002 | Information & Referral | | |

Date of Last Contact:        Mar 09, 2007
Type of Last Contact:        Staffing/Consultation
Date last CQA was approved:  Dec 07, 2006
Date last Case Plan was approved: Dec 12, 2006

# EXHIBIT 12

08-19-2002 9:38 AM Agatha    Johnson (BS-SSC2)
Has made verbal threats in past.    Spit on me yesterday.  It was the
first time it was physical.  Took place yesterday, July 21, 2002 around
12:00 on his grandfather's porch.  I have been frightened of him since
his extreme weight loss and personality change.  He is bringing the
children with him to court to gain sympathy today.

4/5

Exhibit 12 page 2

**DCBS Number:** 205338                    INV–
2 Amy Mischler
**DCBS Name:**

substantiated.  It was court ordered to be opened.  See referral #3.  This case is
being opened in connection with the court order in referral 3.
Oct 20 2006 9:51 AM - Shereena Hamilton (BS/MSW-SSCI)
error

Worker Signature _____    Date: _____

_____ *If Applicable*

Supervisor Signature _____    Date: _____

_____ *If Applicable*

HISTORY OF OVERRIDE INFORMATION:

| Primary Individual | Other Individual | Incident | Program/ SubProgram | Supervisor Results | Override Date | Override Reason |
|---|---|---|---|---|---|---|
| Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Mar 23, 2007 | Additional Information |
| | | | | | | |
| Stevens | Amy Mischler | 1 | Neglect | Substantiated | | |
| Stevens | Amy Mischler | 1 | Neglect | Unsubstantiated | Mar 23, 2007 | Additional Information |

Referral Results Override Date:            3/23/2007

Referral Results Override Reason Notes Summary:
Mar 23 2007 11:30 AM - Debra Wilcox (BS-SRAA)
This referral was to be unsubbed per supervisor's decision, however, due to a later
court order, the finding was substantiated. A duplicate referral regarding the court
order was entered and subbed in error, therefore, this investigation finding override
is to correct that error.

Exhibit 12 page3

DCBS Number: 205338                          INV–
3 Amy Mischler
DCBS Name:

**COMMONWEALTH OF KENTUCKY**
**CABINET FOR FAMILIES AND CHILDREN**
**DEPARTMENT FOR COMMUNITY BASED SERVICES**

**CONTINUOUS QUALITY ASSESSMENT**
**FAMILIAL - CPS NARRATIVE OUTLINE**

**Date CQA Approved: 10/20/2006**

**I. MALTREATMENT/PRESENTING PROBLEM:.**

Oct 20 2006 10:33 AM – Shereena Hamilton (BS/MSW-SSCI)
We received a court order to open the case, therefore the Judge found that
there were grounds to grant the DVO on behalf of the children due to the mother
making ▓▓▓▓ hold a sign up in the heat of the day. The mother has also been
talking about the father in bad terms to the children in which upsets them.

| CPS RATING |
|:---:|
| 2 |

**II. UNDERLYING CAUSES:**

Oct 20 2006 10:31 AM – Shereena Hamilton (BS/MSW-SSCI)
Ms. Mischler had stated that the father, Jonah Stevens did not get the children
insurance and stated she could not pay for their medications. She took Tucker
out in the heat of the day and protested in front of the court house making him
hold a sign. The child had strep throat. The father filed an EPO on behalf of
the children and it was granted. These are the surrounding circumstances that
led up to the report. The case was then court ordered to be opened.

| CPS RATING |
|:---:|
| 2 |

**III. FAMILY DEVELOPMENTAL STAGES & TASKS:**

Selected Assessment Factors
Strength: Parent/caregiver in the home is willing to provide basic food,
clothing, and shelter for child/ren.
Strength: Parent/caregiver knows child/ren needs and is concerned about
their safety and well-being.
Risk: Adult/s show no remorse or guilt, blame the child or justify
maltreatment of child.
Risk: Past/present history of family violence (not necessarily part of
current incident).
Risk: Family shows stresses such as poverty, unemployment, chaotic
lifestyle, or isolation.

Narrative:
Oct 20 2006 10:31 AM – Shereena Hamilton (BS/MSW-SSCI)

*Exhibit 12 page 4* Page 1 of 8

**DCBS Number:** 205338
**DCBS Name:** Amy Mischler

Amy will ensure the children are safe and properly supervised while in her care.
Family will be supportive and help with supervision of the children, along with medical,
physical, and emotional needs.
Worker spoke with the FSOS, Wilma Taylor and was advised to find the address on Amy
Mishchler so the case could be transferred to the correct location.  Worker did find out
that her sister worked in Meade County and Amy was in Jefferson County so there would not
be a conflict with workers.

---

| | |
|---|---|
| Date Referral Received: | Aug 19, 2002 |
| Referral Number Received: | 1 |
| Name Of Worker Assigned: | Agatha Johnson (BS-SSC2) |
| Name Of Supervisor Who Approved INTAKE: | Delphia Branham (SS-FSOS) |

---

Shereena  Hamilton (BS-MSW-SSC1)
Oct 20, 2006, Collateral - Face to Face, DCBS Office
Supervisor Consultation,Other Contacts/Pertinent Information, Amy Mischler, ████
Stevens, ███████ Stevens, Ongoing Services
Amy will ensure the children are safe and properly supervised while in her care.
Family will be supportive and help with supervision of the children, along with medical,
physical, and emotional needs.
Worker spoke with the FSOS, Wilma Taylor and was advised to find the address on Amy
Mishchler so the case could be transferred to the correct location.  Worker did find out
that her sister worked in Meade County and Amy was in Jefferson County so there would not
be a conflict with workers.

---

Exhibit 12
page 5

08-19-2002 9:38 AM Agatha   Johnson (BS-SSC2)
Has made verbal threats in past.   Spit on me yesterday.  It was the
first time it was physical.   Took place yesterday, July 21, 2002 around
12:00 on his grandfather's porch.  I have been frightened of him since
his extreme weight loss and personality change.  He is bringing the
children with him to court to gain sympathy today.

457

Exhibit 12
page b

**Lovely, David T (CHFS OLS)**

| | |
|---|---|
| **From:** | Womack, Mona S (CHFS OLS) |
| **Sent:** | Friday, February 12, 2016 12:55 PM |
| **To:** | Lovely, David T (CHFS OLS) |
| **Subject:** | FW: |

**From:** Howard Susan (CHFS DCBS EMSR Johnson)
**Sent:** Friday, February 12, 2016 12:49 PM
**To:** Womack, Mona S (CHFS OLS)
**Subject:** RE:

Case Active/Inactive History

Case Active/Inactive History

| Date Event | Event | Case Manager | Supervisor | Merged with Case Number | Merged with Case Name |
|---|---|---|---|---|---|
| 08/17/2007 | Close | PERRY (BSW-FSOS), BOB | MANAGER, EASTERN MOUNTAINS | | |
| 10/18/2006 | Open | TAYLOR (BSW-FSOS), WILMA | MANAGER, EASTERN MOUNTAINS | | |
| 08/27/2002 | Close | BRANHAM (BSS-FSOS), DELPHIA | MANAGER, EASTERN MOUNTAINS | | |
| 08/19/2002 | Open | BRANHAM (BSS-FSOS), DELPHIA | MANAGER, EASTERN MOUNTAINS | | |

If a case has been ongoing at some point, it will usually show as ongoing from then on.

**Susan Howard**
**Service Region Administrator**
**Eastern Mountain Region**
**205 Main St.**
**Paintsville, KY 41240**
**(606) 788-7108**
**FAX (606) 788-7117**

# EXHIBIT 13

**Notice of Confidentiality:** This e-mail, including any attachments, is intended for the use of the individual or entity to which it is addressed and may contain confidential information that is legally privileged and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are notified that any review, use, disclosure, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Womack, Mona S (CHFS OLS)
**Sent:** Friday, February 12, 2016 11:36 AM
**To:** Howard Susan (CHFS DCBS EMSR Johnson)
**Subject:** RE:

**Susan,**
**Can you go in to this doc and clarify that it's been closed?**

1