IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY JERRINE MISCHLER, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:17-CV-0368-LMM |
| v. | : | |
| OFFICE FOR CIVIL RIGHTS OF THIS UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and TIMOTHY NOONAN, in his official capacity as Regional Manager of the Office for Civil Rights, | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). On January 20, 2015, Magistrate Judge Janet F. King granted Plaintiff *in forma pauperis* status for the purpose of allowing a frivolity determination. For the foregoing reasons, the Court finds Plaintiff's Complaint is frivolous.

**I.   LEGAL STANDARD**

28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious; or (2) fails to state a claim upon which relief may be granted. The purpose of Section 1915(e)(2) is "to discourage the filing of, and

waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. Id. at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In other words, a complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "seeks to enforce a right that clearly does not exist." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); see also Neitzke, 490 U.S. at 327. Claims premised on allegations that are "fanciful," "fantastic," or "delusional" are subject to dismissal for frivolity. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 325). In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 556 U.S. 662, 680-685 (2009); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, the Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

3

(citations and internal quotation marks omitted); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. <u>See</u> <u>Moon v. Newsome,</u> 863 F.2d 835, 837 (11th Cir. 1998), <u>cert. denied</u>, 493 U.S. 863 (1989) (holding that dismissing a case filed by a *pro se* plaintiff proceeding in forma pauperis for failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order did not constitute an abuse of discretion).  Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." <u>GJR Invs., Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998).

**II.    DISCUSSION**

A review of the Complaint reveals that Plaintiff Amy Mischler seeks declaratory judgments and writs of mandamus to correct alleged violations of her due process and Fourth Amendment rights. Dkt. No. [3]. Plaintiff also alleges fraudulent behavior by the state of Kentucky and conspiracy between state employees and her ex-husband. Dkt. No. [3] at 5-6. Plaintiff requests declarations from the Court that the state of Kentucky has violated Plaintiff's rights, and writs of mandamus ordering the Office for Civil Rights and Regional Manager Timothy Noonan to investigate and pursue these violations. Dkt. No. [3] at 16-17.

Plaintiff's Complaint fails to support any plausible claim for relief against the Office for Civil Rights and Timothy Noonan. Dkt. No. [3] at 2-3. The statute Plaintiff cites to support her claims for relief provides that the Office for Civil Rights must pursue claims of discrimination, but nowhere in her Complaint does Plaintiff allege she is being discriminated against due to her race, gender, or any other characteristic. See 42 U.S.C. §708(b) (defining prohibited bases of discrimination); Dkt No. [3]. Plaintiff's reference to the phrase "applicable regulation" in 42 U.S.C. § 708(b) does not rectify this—the Due Process Clause and Fourth Amendment are not "applicable regulation[s]" within the meaning of the statute. 42 U.S.C. §708(b) (2012); Dkt No. [3] at 3-4. Therefore, the statute confers on Plaintiff no right to relief.

Plaintiff also seeks declaratory judgments that the Kentucky state government and its employees have committed constitutional violations. Though Plaintiff does not list either as a party in this case, the Court will liberally construe the Complaint and address Plaintiff's allegations as claims against parties. There is, however, no evidence that the Kentucky state officials have sufficient minimum contacts with Georgia to give this Court personal jurisdiction. See Burger King Corp. v. Redzewicz, 471 U.S. 462, 471-72 (1985) ("The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations."). Even if the Court had personal jurisdiction over these parties, the Northern District of Georgia would be an

improper venue, as not all (if any) of the remaining defendants are residents of Georgia, nor did a substantial part of the events giving rise to the claims occur in Georgia. 28 U.S.C. 1391(b). Even if personal jurisdiction and venue were met, Plaintiff does not present enough concrete facts to support a plausible claim that her constitutional rights were violated. See Neitzke, 490 U.S. at 325 (holding that courts have the power in frivolity review to "dismiss those claims whose factual contentions are clearly baseless").

Accordingly, Plaintiff's Complaint is **DISMISSED** as **FRIVOLOUS**. The Clerk is directed to close this case.

**IT IS SO ORDERED** this 27th day of February, 2017.

**Leigh Martin May**
**United States District Judge**