IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY JERRINE MISCHLER,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE FOR CIVIL RIGHTS OF THIS UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and TIMOTHY NOONAN, in his official capacity as Regional Manager of the Office for Civil Rights,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-CV-0368-LMM |

## ORDER

This case comes before the Court on Plaintiff's Motion to Reconsider and Motion to Allow Amended Petition by the Petitioner to be Filed [7]. After due consideration, the Court enters the following Order:

### I.    BACKGROUND

On February 1, 2017, Plaintiff Amy Mischler filed her original Complaint [3] with this Court *in forma pauperis*. Plaintiff sought declaratory judgments and writs of mandamus to correct alleged violations of her due process and Fourth Amendment rights. Dkt. No. [3]. Plaintiff requested declarations from the Court that the state of Kentucky had violated Plaintiff's rights, and writs of mandamus

ordering the Office for Civil Rights and Regional Manager Timothy Noonan to investigate and pursue these violations. Dkt. No. [3] at 16-17. Plaintiff's Complaint was dismissed as frivolous as it failed to support any plausible claim for relief. Dkt. No. [5]. Plaintiff failed to allege she was discriminated against due to race, gender, or any other characteristic, as required by the statute cited to support Plaintiff's claims, and the Due Process Clause and Fourth Amendment are not "applicable regulation[s]" within the meaning of the statute. See 42 U.S.C. § 708(b) (defining prohibited bases of discrimination); Dkt No. [3]. Finally, Plaintiff did not present enough concrete facts to support a plausible claim. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that courts have the power in frivolity review to "dismiss those claims whose factual contentions are clearly baseless").

Plaintiff moved for reconsideration and leave to file an amended petition on March 9, 2017. Dkt. No. [7]; Dkt. No. [8].

II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Local Rule 7.2E provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. Pres. Endangered Areas of Cobb's

History, Inc. v. United States Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time." Id. (internal punctuation omitted). In other words, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III. DISCUSSION

Plaintiff's Amended Complaint eliminates all requests for relief save one writ of mandamus against Timothy Noonan. Dkt. No. [7] at 6. She now alleges she was discriminated against by the Office for Civil Rights because she is a woman. Id. at 1. This new fact was not alleged in her original Complaint. See Dkt. No. [1]. As stated above, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier."[1] Brogdon, 103 F. Supp. 2d at 1338. The proper time to assert this claim was at the filing of Plaintiff's original Complaint. Plaintiff cannot assert such

---

[1] Plaintiff also fails to support her new contention with any facts, thus even if this claim was raised in the original Complaint, it likely would not meet the threshold of frivolity. 28 U.S.C. § 1915(e)(2).

allegations now. In addition, none of the three elements for reconsideration are present here. <u>Pres. Endangered Areas</u>, 916 F. Supp. at 1560.

### IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** Plaintiff's Motions to Reconsider and Allow Amended Petition by the Petitioner to Be Filed [7].

**IT IS SO ORDERED** this 27th day of March, 2017

*[signature]*
**Leigh Martin May**
**United States District Judge**